AARON E. JOHNSTON, executor of Mary E. Throckmorten, respondent,

*v.*

THOMAS B. MCKENNA and HUGH E. O'REILLY, appellants.

[Argued June 29th, 1910. Decided November 14th, 1910.]

The equity of redemption of mortgaged property was held by V., a purchaser at execution sale against the mortgagor, who was holding it for her benefit after payment of his claim, the property being worth about twice the amount of all liens. Shortly before sale on foreclosure of the mortgage, defendants, by fraudulently representing that they were acting for the benefit of the mortgagor in an attempt to clear off the liens, prevailed on V. to convey the equity of redemption to them. They then purchased at the foreclosure sale for full value, and under their conveyance from V. were released from payment of the balance after paying in enough to discharge liens.—*Held* that, in a suit by the mortgagor to hold them liable as trustees *ex maleficio* for the surplus on the sale, their liability was measured by the amount of the bid at the sale and not by a lesser amount subsequently received by them on sale of the land; the mortgagor under the circumstances being entitled to affirm the sale and thus fix the liability for the amount brought thereat.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *76 N. J. Eq. (6 Buch.) 217.*

*Mr. Aaron E. Johnston (Mr. Frank P. McDermott,* on the brief), for the respondent.

*Mr. William A. Smith* (*Messrs. Coult & Smith,* on the brief), for Thomas B. McKenna.

*Mr. Charles J. Roe* (*Messrs. Roe & Runyon,* on the brief), for Hugh E. O'Reilly.

The opinion of the court was delivered by

SWAYZE, J.

It would be unnecessary to add anything to the opinion of the vice-chancellor in the present case but for the strenuous contention on the part of the appellants that he erred in charging them with the amount for which the property was sold at the sheriff's sale. It is contended that if O'Reilly and McKenna were trustees, it was their duty to protect Mrs. Throckmorten's property by buying it in at the sheriff's sale, and that they are accountable not for the $16,300 at which it was struck off, but only for $14,500, the amount for which the property was subsequently sold. This would undoubtedly be the case if they had purchased the property at the sheriff's sale in execution of an ordinary trust, but the difficulty with that argument in the present case is that by their own conduct they repudiated the idea that there was a trust and insisted that Reilly was an actual purchaser and that Mrs. Throckmorten had no interest in the property. Reilly was evidently acting for McKenna and O'Reilly, and it would be inconsistent now to permit them to set up that the property was bought in for Mrs. Throckmorten's benefit. They assumed, through Reilly, to buy it for themselves. The trust, as this court held when the case was formerly before us, arises *ex maleficio,* and under such circumstances it was the right of the *cestui que trust* to affirm the sale and seek to recover the purchase-money, as she and her executor have done.

The reasoning of Vice-Chancellor Pitney in the suit against Reilly (*68 N. J. Eq.* (*2 Robb.*) *151*), is satisfactory, and the same legal rules are applicable in the present suit against McKenna and O'Reilly.

The decree is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON—13.

*For reversal*—None.