HARRY E. BROSS et ux., complainants,

*v.*

HERBERT V. ACKERMAN et al., defendants.

[Decided May 26th, 1932.]

*Messrs. Beggs & Grimshaw,* for the complainants.

*Mr. Merritt Lane,* for the defendants.

LEWIS, V. C.

This suit is brought to fix the rights of the parties in a certain parcel of real estate once owned by George Brower, who died in 1891. By his will, his widow, Sarah E. Brower, received a life estate in all his property. The remainder was devised to Emma Louise Brower, Ellen Ann Bertenshaw, Mary Ida Ackerman and Jesse Brower, in equal parts. By a codicil he directed as follows:

"And should the rents, issues and profits of my said real estate, at any time not be sufficient to comfortably maintain and support my said wife during her lifetime and the keeping up the taxes and incumbrances, then I do hereby authorize and empower my said executors to sell such portion or portions of my real estate as in their judgment will be necessary to maintain and comfortably support her in a fitting manner; and also to sell such portion or portions as may be sufficient to pay and satisfy the principal and interest of any incumbrances that may be on my said real estate at the time of my death, and to give good and sufficient deed or deeds in the law for all and every of such sales so made for such purposes."

His widow and Ellis W. Lawson were appointed executors and qualified as such. Lawson died December 14th, 1902. Sarah E. Brower died June 25th, 1922, leaving a will which was probated on March 17th, 1924, whereby she gave all her property equally to her grandchild, Herbert V. Ackerman, and his wife, May S. Ackerman, who are defendants in this suit.

The complainants are Ellen Ann Bertenshaw and Jesse Brower, and Harry E. Bross, as the sole heir of Emma Louise Brower, together with their respective wives and husbands. The bill was filed to set aside a certain conveyance dated April 1st, 1895, made by the executors of the will to Sarah E. Brower, individually, through an intermediary, on the ground that it was invalid, and for an accounting and partition. Defendants Herbert E. Ackerman and his wife by their answer assert that Sarah E. Brower had title in fee to the realty at the time of her death, and that it accordingly passed to them by her will. The complainants claim that Sarah E. Brower had nothing but a life estate, and that accordingly they and Mary Ida Ackerman, the fourth named beneficiary to the will of George Brower, have title to the property under that will. Mary Ida Ackerman, brought in as a defendant, takes no sides in the controversy except that she prays if the conveyances of 1895 be set aside that she be decreed to have a one-fourth interest in the property.

The conveyance of April 1st, 1895, was executed by Lawson and Sarah E. Brower, as executors of the will of George Brower. There is no recital in the deed purporting to convey the property under the exercise of the power of sale in the will. The deeds merely purported to convey the premises in fee to Sarah E. Brower. These deeds were therefore subject to attack as being invalid. It is contended, however, by the defendants, that apart from the form of the transaction, the effect was to carry out the intent of the testator which was that the property should be at the command and disposal of the widow for her subsistence. It is argued that since the property could have been sold for her benefit, the transaction which gave title to her so as to give her full power of dis-

posal was a substantial carrying out of the intent of the testator. It is asserted, and I think satisfactorily shown, that she was in straitened circumstances, that the equity above the mortgage on the property was so small that even if a purchaser were found, it would be of little material benefit to her, and that full title put her in a position where she was enabled to benefit herself. As all the parties to the transaction, including the lawyer who drew the deed, are dead, information is scanty as to the circumstances under which it took place.

It would seem that question arose as to the validity of this deed, and on June 16th, 1902, an effort to confirm title in Sarah E. Brower was made. On that date the owners of three-fourths of the remainder under the will of George Brower, namely: Emma Louise Bross, formerly Emma Louise Brower, and her husband; Ellen Ann Bertenshaw and her husband; and Mary Ida Ackerman, signed a conveyance of the property to Sarah E. Brower. At the same time the fourth remainderman, Jesse Brower, was asked to convey his fourth interest likewise, but he refused. This deed of June 16th, 1902, was witnessed by Henry Smith, an attorney-at-law, and he took the acknowledgments. The deed remained in the possession and in the files of Mr. Smith until after this suit was started in August, 1926.

Defendants Herbert E. Ackerman and May S. Ackerman entered in possession of the property upon the death of Sarah E. Brower in 1922, and have been in possession ever since.

If the deed of 1902 is a valid conveyance, title to at least three-fourths of the property is in Herbert E. Ackerman and his wife; for in that case title to this three-fourths was then in Sarah E. Brower and passed to them under her will.

It is contended, on behalf of the complainants Bross and Bertenshaw, that this deed never became effective; first, because it was never delivered; and second, because its effectiveness was made conditional upon a like conveyance by Jesse Brower, who, as has been stated, refused to convey.

I do not find that the evidence sustains either of these contentions. Owing to the long lapse of time, Mr. Smith's

recollection is naturally not very distinct as to all the circumstances, but his testimony is sufficient to be decisive on both points.

Mr. Smith testified that he is positive that nothing was said at the time of the execution of the deed, that it was to be delivered only upon condition that Jesse Brower also conveyed. Mr. Smith was the representative of the grantee and not of the grantors. I therefore find that delivery to Mr. Smith was delivery to Sarah E. Brower, and that the deed was effective as a conveyance of a three-fourths interest in the remainder.

There remains only the question of the rights of Jesse Brower. Whether he has any enforcible rights depends first, upon the effect of the executor's deed of April 1st, 1895, and second, whether even if that deed was ineffective to pass title, he has lost his rights through acquiescence, laches or otherwise.

Because of the lapse of time and the death of the participants, information is not available to throw much light on the transaction of April 1st, 1895. Under the power given by the codicil, the executors could have sold the remainder to provide the funds for the use of Sarah E. Brower, who was then in needy circumstances. The premises were then mortgaged to an amount close to their value, so that then the equity was very small. Since then the premises have increased in value so that the amount now in dispute is substantial. Although it is only conjecture, it is probable that it was because the equity was so small that it would not produce enough to be .of material assistance to Mrs. Brower, that it was not actually sold under the power, but that the participants considered that if Mrs. Brower had complete . title, she would be in a position to more advantageously get the benefit from the property, if she had complete title. At any rate, the conveyance was not made within the letter of the power. It is doubtless because of the ineffectiveness of this deed that the effort was made in 1902 to confirm the title to the remainder in Mrs. Brower.

In 1902, when the other remaindermen signed, Jesse Brower refused to join with them. He claims he did not

know of the 1895 deed, but his statements as to what took place at the time he was asked to join in the 1902 deed are far from satisfactory. He says, for instance, that Mr. Smith came to see him several times about joining in a deed, but that Mr. Smith did not give him any explanation as to the circumstances forming the basis for asking him to join. This is highly improbable, for he admits that the matter was discussed in the family, and that he was informed that some of the others had signed. Mr. Smith after this lapse of time, cannot recall just what conversations took place with Jesse Brower, but that he assumes he explained the whole situation. I must accordingly find that Jesse Brower knew the entire situation, and that he therefore knew about the deed of 1895.

Since 1902, therefore, Jesse Brower is chargeable with notice that Sarah E. Brower was asserting some sort of a claim to these premises. From then on, until 1926, which was four years after the death of Sarah E. Brower, he made no move to assert his rights. There is some evidence to the effect that Sarah E. Brower received help from Herbert E. Ackerman and his wife, in reliance upon her promise to will the property to them, which, in fact, she did. Since her death they have been in possession of the property.

While lapse of time does not necessarily deprive a complainant of a remedy in equity, it has been held the ground for refusing relief when through the lapse of time witnesses are no longer available or their memories of the material facts have become faded and weakened. *Lutjen* v. *Lutjen, 64 N. J. Eq. 773.*

In *Soper* v. *Cisco, 85 N. J. Eq. 165,* the court says:

"The general rule is well settled that he who, without adequate excuse, delays asserting his rights until the proofs respecting the transaction, out of which he claims his rights arose, are so indeterminate and obscure that it is impossible for the court to see whether what is asserted to be justice to him is not injustice to his adversary, has no right to relief."

While Jesse Brower was not in any event entitled to any interest in the premises until after the death of Sarah E. Brower, he could undoubtedly have brought suit upon dis-

covery of the 1895 deed to set that deed aside. He did not do so, nor did he take any action until four years after the death of Sarah E. Brower. I consider, under the circumstances, the court of chancery should not set aside that deed, even if originally invalid. This renders unnecessary the determination as to whether the conveyance from the estate to Sarah E. Brower, personally, was not valid exercise of the power given by the codicil, as being within the intent, even if outside the letter of the codicil; under the principle enunciated in *DuBois* v. *Waterman, 87 N. J. Eq. 119.*

A decree will be advised dismissing the bill.