Complainant brings this suit to set aside a deed executed on October 2d 1934, to his step-sister, the defendant Margaret E. Flanigan, and two chattel mortgages dated October 8th, 1934, and December 3d 1936. These transactions were *Page 199 
without consideration and it is the contention of complainant that they were executed at the insistence and under the domination of his step-sister, and upon the agreement and understanding that the premises were to be reconveyed and the mortgages satisfied. His explanation of the reason why he allowed his step-sister to exert sufficient pressure upon him to cause him to execute the documents is that she told him that the young lady to whom he was then or had been engaged to marry, and whom in fact he did marry several years later, was a "gold-digger."
Complainant's claim of domination by his step-sister is scarcely convincing. He was a man around forty years old, and was running his own business, that of a butcher. The deed was drawn by the lawyer he selected, and this lawyer was also asked to prepare the chattel mortgage, which he declined to do when he found that the chattel mortgage was to recite a fictitious loan, and the mortgage was prepared by someone else. The deed bore revenue stamps, placed on it by whom does not appear, indicating a consideration of $4,000. At the time of the execution of the deed complainant was in difficulties with the young lady he ultimately married, which resulted in his arrest the day after the execution of the deed, on the charge of converting to his own use some $750 of her money. It is a fair and, in fact, a necessary inference that complainant desired to place himself in the position of having no assets, so as to protect himself against the claim of this young lady.
By his own admission, contained in his bill of particulars, it was not until 1940, and after his marriage, that he demanded a reconveyance of the property and the cancellation of the chattel mortgages.
It is true that mere lapse of time does not constitute laches.
In Massie v. Asbestos Brake Co., 95 N.J. Eq. 298, the court says (at p. 311):
"Neither do I find laches. True it is that the action which has now been taken by this suit could have been taken equally well at any time during a period of about eight years prior to the filing of the bill. But laches involves something more than mere delay, mere lapse of time. There must be delay *Page 200 
for a length of time which, unexplained and unexcused, is unreasonable under the circumstances, and which has been prejudicial to the defendant. Cf. Johnston v. McKenna, 76 N.J. Eq. 217
(at p. 229); affirmed, 77 N.J. Eq. 555, where there was delay of some seven or eight years. Cf. also Soper v.Cisco, 85 N.J. Eq. 165 (at p. 174)."
See, also, Bross v. Ackerman, 110 N.J. Eq. 520; Hinners v.Banville, 114 N.J. Eq. 348; Burke v. Guenther, 128 N.J. Eq. 575.
Complainant has, however, come into court with unclean hands, in that the transactions he now seeks to have set aside were tainted with fraud, since they were intended to give the false appearance that he had no property or assets.
In Brower v. Brower, 98 N.J. Eq. 218 (at p. 223), the court said:
"The evidence in this case is overwhelming, and conclusive to the effect that the conveyance of the land here involved was made to the defendant for the purpose of defrauding the creditors of Trevone H. Brower, and this with the knowledge and approval of the complainant. She participated in the attempted fraud and cannot now be relieved from it. Besson v. Eveland, 26 N.J. Eq. 469; Geroso v. DeMaio, 75 N.J. Eq. 410; Gould v. Hurley,75 N.J. Eq. 512. With respect to the real estate here involved, the complainant does not come into equity with clean hands, and the bill, so far as it claims a resulting trust in the land mentioned, or any lien thereon or interest therein on behalf of the complainant, will be dismissed." Marra v. Marra, 104 N.J. Eq. 18; McAllister v. McAllister Coal Co., 120 N.J. Eq. 407;Major Oil Co. v. Frumkin, 126 N.J. Eq. 229.
 A decree will be advised dismissing the bill. *Page 201